IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHENGDU JIECHEN TECHNOLOGY LTD. CO, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," <br><br> Defendants. | Civil Action No. 1:23-cv-2823 <br><br> Honorable Judge Andrea R. Wood |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Chengdu Jiechen Technology Ltd. Co ("Plaintiff") submits the following Memorandum in support of its Motion for Entry of Default and Default Judgment against Defendants Karkh and Pinduoduo Select (collectively, "Defaulting Defendants"), based on Plaintiff's action for infringement of U.S. Design Patent No. D903,376 ("D'376 Patent").

**I.   INTRODUCTION**

Pursuant to Fed. R. Civ. P. 55, Plaintiff respectfully requests the Court to enter a default and a default judgment against Defaulting Defendants, thereby awarding Plaintiff a judgment for the affirmative relief sought. The Defaulting Defendants were properly served on July 21, 2023, in accordance with the Sealed Temporary Restraining Order (Dkt. No. 19-2). Despite effective electronic service, Defaulting Defendants have failed to timely plead, otherwise defend, or appear in this action. Therefore, the Court must now enter a default and a default judgment against Defaulting Defendants, thereby granting Plaintiff a judgment including a permanent injunction.

**II.   BACKGROUND**

Plaintiff is the owner of the D'376 Patent and holds all rights therein. The D'376 Patent claims the ornamental design for a pillow. Plaintiff manufactures, designs and sells, among other thing, such pillow that embody the D'376 Patent. Pursuant to 35 U.S. Code § 282, the D'376 Patent is presumed valid.

The Defaulting Defendants are believed to be an interrelated group of individuals and business entities who, upon information and belief, collectively reside within the People's Republic of China. The Defaulting Defendants have offered to sell and have actually sold infringing pillows ("Infringing Products") to residents of the forum state. As shown below, the Infringing Products practice the claimed design of the D'376 Patent:



| Claimed Design of the D'376 Patent | Exemplary Infringing Product |
|---|---|

### III. PROCEDURAL HISTORY

Plaintiff filed the Complaint for design patent infringement against the Defaulting Defendants as identified on Schedule A on May 4, 2023. (Dkt. No. 1). On July 5, 2023, the Court entered a Sealed Temporary Restraining Order, including a temporary injunction from making,

using, selling, or offering for sell the Infringing Products, a temporary asset restraint, expedited discovery, and alternative service. (Dkt. No. 12).

Shortly after, Plaintiff sent expedited discovery requests to Temu, in accordance with the terms of the TRO. Temu responded with such production, therein identifying Defaulting Defendant's sales history and restrained account information. *See* Exhibit A, Jin Decl. at ¶ 4.

On July 21, 2023, Plaintiff then served electronic copies of the Summons, Complaint and Temporary Restraining Order upon Defaulting Defendants in accordance with the terms of the TRO. *See* Dkt. No. 19-2 (return of service). The Defaulting Defendants' answers were thus due no later than August 11, 2023. This date has long since passed without an answer or appearance from Defaulting Defendants. As such, the Defendants named herein are in default.

Therefore, pursuant to Fed. R. Civ. P. 55(a) and (b)(2), Plaintiff now moves for the Court to Enter a Default and a Default Judgment against the Defaulting Defendants named herein. Plaintiff further seeks entry of a Permanent Injunction prohibiting Defaulting Defendants from further selling Infringing Products.

**IV.     ARGUMENT**

    **A. Jurisdiction and Venue are Proper in this Court**

This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3). Furthermore, this Court may properly exercise personal jurisdiction over Defaulting Defendants since each Defaulting Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or

more commercial, interactive online stores through which Illinois residents can purchase products featuring Plaintiff's patented design. Each Defaulting Defendant has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's design patent to residents of Illinois. Each Defaulting Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

### B. The Law Regarding Default Judgments

Federal Rule of Civil Procedure 55 "sets forth a two-step process for a party seeking default judgment." *NCAA v. Kizzang LLC*, 304 F. Supp. 3d 800, 804 (S.D. Ind. 2018) (*citing McCarthy v. Fuller*, 2009 U.S. Dist. LEXIS 100920, 2009 WL 3617740, *1 (S.D. Ind. 2009), *Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004)). "First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining that entry, the plaintiff may seek an entry of default judgment." *NCAA*, 304 F. Supp. 3d at 805.

### C. The Entry of Default is Proper

Rule 55(a) of the Federal Rules of Civil Procedure governs the entry of default. Pursuant to Rule 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a)... refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Deckers Outdoor Corp. v. Doe*, No. 11 C 10, 2011 U.S. Dist. LEXIS 119448, at *6 (N.D. Ill. 2011) (citing *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)). Here, Defaulting Defendants have failed to timely answer or otherwise defend.

As noted above, Defaulting Defendants were properly served with process on July 21, 2023, pursuant to the Court's ordered alternative service. *See* Dkt. No. 19-2. Under Fed. R. Civ. P. 12, a timely answer was due no later than August 11, 2023. This deadline has long passed, and Defaulting Defendants, despite being effectively served with process, have failed to file an answer, or otherwise appear in this action.

Upon information and belief, Defaulting Defendants are neither an infant, nor incompetent person requiring special service in accordance with Fed. R. Civ. P. 4(g), nor a member of the armed services of the United States entitled to the protection of 50 U.S.C. § 520. Ex. A at ¶ 7. Therefore, Plaintiff is entitled to an entry of default against the Defaulting Defendants named herein.

### D. The Entry of a Default Judgment is Proper

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. "A default judgment establishes, as a matter of law, that Defendants are liable to Plaintiff on each cause of action alleged in the complaint." *Deckers*, 2011 U.S. Dist. LEXIS 119448, at *6 (*citing United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). Once the Court determines that the Defendants are in default, the factual allegations of the Complaint are taken as true and may not be challenged, and the Defendants are liable as a matter of law as to each cause of action alleged in the complaint." *Deckers*, 2011 U.S. Dist. LEXIS 119448 at *6 (*citing* Fed. R. Civ. P. 8(b)(6); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). Here, the Defaulting Defendants have failed to timely file a responsive pleading, making the entry of a default judgment appropriate. *See* Fed. R. Civ. P. 55(b)(2). Furthermore, the Complaint alleges sufficient factual allegations to establish the necessary elements of a design patent infringement claim under 35 U.S.C § 271. Thus, the design patent infringement allegations of the Complaint must be taken as true.

The Complaint alleges that Plaintiff is the owner of a valid design patent, and that Defaulting Defendants sell products that embody the patented design so that an ordinary observer would be confused, thinking one to be the other. Dkt. No. 1 at ¶¶ 3-23. The Complaint further alleges that Defaulting Defendants, without any authorization or license from Plaintiff, have offered for sale, sold, and/or imported into the United States products that infringe directly and/or indirectly the Patent, and continue to do so via the Defendant Internet Stores. *Id.* at ¶ 16. In an attempt to evade any intellectual property enforcement efforts, Defaulting Defendants maintain off-shore bank accounts and regularly move funds from their Temu accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. *Id.* at ¶ 15. The Defaulting Defendants have infringed the D'376 Patent through the aforesaid acts and will continue to do so unless permanently enjoined by this Court. *Id.* at ¶ 22. The Defaulting Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful design patent right to exclude others from generally using the claimed design. Therefore, Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. *Id.*

Since Defaulting Defendants have failed to timely answer or otherwise appear, the Court must accept the allegations alleged in the Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests the entry of a default judgment with respect to Count I for design patent infringement against Defaulting Defendants.

### E. Permanent Injunctive Relief is Warranted

Pursuant to 35 U.S.C. § 283, Plaintiff respectfully requests entry of a Permanent Injunction enjoining Defaulting Defendants from further infringing or otherwise violating Plaintiff's rights in the D'376 Patent, including at least all injunctive relief previously awarded by this Court to

Plaintiff in the Preliminary Injunction (Dkt. No. 22). Moreover, Plaintiff is entitled to permanent injunctive relief to effectively act against any new online stores identified as linked to Defaulting Defendants that are selling Infringing Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.,* 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC,* 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a default and a default judgment against Defaulting Defendants. Plaintiff further seeks entry of a Permanent Injunction prohibiting Defaulting Defendants from selling Infringing Products.

DATED: October 12, 2023

Respectfully submitted,

By: */s/ Tong Jin*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Tong Jin
New York Bar No. 5871959
tjin@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of October, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Plaintiff further served copies of the foregoing document on Defendants per the terms of the preliminary injunction order.

                                              */s/ Tong Jin*
                                              Tong Jin