IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHENGDU JIECHEN TECHNOLOGY LTD. CO,**<br><br>Plaintiff,<br><br>v.<br><br>**KARKH and PINDUODUO SELECT,**<br><br>Defendants. | No. 23-cv-02823<br><br>Judge Andrea R. Wood |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Chengdu Jiechen Technology Ltd. Co ("Plaintiff") against the Defendants identified on Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the Defendants Karkh and Pinduoduo Select, which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction;

Plaintiff having properly completed service of process on Defaulting Defendants; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up

1

and operating e- commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products that infringe Plaintiff's patented design, U.S. Patent No. D903,376 ("D'376 Patent") to residents of Illinois. In this case, Plaintiff has presentedscreenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products infringing the D'376 Patent. *See* Docket No. 3 which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois.

This Court further finds that Defaulting Defendants are liable for design patent infringement (35 U.S.C. § 271).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is **GRANTED** as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:
    a. manufacturing, importing, distributing, offering for sale, or selling any infringing products, *i.e.*, pillow as identified in the Complaint and any colorable variations thereof ("Infringing Products");
    b. further infringing the D'376 Patent and damaging Plaintiff's intellectual property rights;
    c. otherwise competing unfairly with Plaintiff in any manner;

2

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

    e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products; and

    f. operating and/or hosting any website or marketplace account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of the Infringing Products.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Temu, eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com and Dhgate (collectively, Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party

Providers, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), Temu.com, and Amazon Pay, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of Infringing Products. Any Third Party Providers holding accounts for Defaulting Defendants shall, within seven (7) calendar days, of receipt of this order, permanently cease providing services to any accounts connected to Defaulting Defendants or the Defaulting Defendants' Defendant Internet Stores.

4. Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

5. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a Final Judgment.

DATED: October 26, 2023

Andrea R. Wood
United States District Judge